IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIM WURSTER, et al.,

                     Plaintiff,              Case No. 3:05 CV 7195

-vs-

                                            MEMORANDUM OPINION

KEVIN CARLSON, et al.,

                     Defendant.

KATZ, J.

This matter is before the Court on Plaintiff Kim Wurster's unopposed motion for summary judgment (Doc. No. 15). The dispositive motion deadline in this case was February 1, 2006, with three weeks for response. *See* (Doc. No. 11). Plaintiff moved for partial summary judgment on January 31, 2006. Defendant has filed no opposition. The Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff's motion is granted.

## **BACKGROUND**

While working for Defendant Alpha Baking Company, Defendant Kevin Carlson drove a single-unit International delivery truck through a stop sign and into Kim Wurster's car, injuring her. Carlson admitted in his deposition that he ran the stop sign, that he was familiar with the intersection, that cars traveling along Wurster's route had no stop sign, that he knows of no one besides himself who contributed to the accident, and that he was working for Alpha at the time. Alpha likewise admits that Carlson was acting on its behalf.

Wurster sued Carlson and Alpha for negligence and negligence per se. She also sued Alpha for negligent entrustment. Her husband, Plaintiff Terry Wurster, sued both Defendants, claiming loss of consortium.

## DISCUSSION

Kim Wurster moves for summary judgment on her claims that Carlson was negligent per se, that Alpha is vicariously liable, and that she was not comparatively negligent. Defendants have not opposed Wurster's motion, and the time for doing so has passed.

*A. Summary Judgment Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require

3

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

"The Federal Rules identify the penalty for the lack of . . . a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. This means that although the court must carefully review the evidence submitted by the movant, the trial court is not obligated to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Levine v. Syms Corp.*, 982 F. Supp. 492, 495 (N.D. Ohio 1997) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). When a motion for summary judgment is unopposed, "in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence . . . in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). Then, "[i]f such evidence supports a conclusion that there is no genuine issue of material fact, the trial court should determine that the moving party has carried its burden, and 'judgment [] shall be rendered forthwith.'" *Id* (quoting Fed. R. Civ. P. 56(c)).

Finally, as the Sixth Circuit has explained:

"Rule 56(c) requires the moving party to show not only the absence of a disputed issue of fact but also that he is entitled to judgment as a matter of law. In assessing the sufficiency of the evidence to sustain a particular inference, therefore, the court must also consider the burden of proof on the issue and where it will rest at trial. When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

4

*Calderone v. United States*, 799 F.2d 254, 258-259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)).

*B. Plaintiff's Negligence Claim*

Ohio drivers must obey stop signs and yield to cars already present in an intersection. Ohio Rev. Code § 4511.43(A). "[F]ailure to stop in obedience to a stop sign in violation of Section 4511.43, Revised Code, a safety statute, constitutes negligence per se." *Kehrer v. McKittrick*, 198 N.E.2d 669, 671 (Ohio 1964). "Under the doctrine of respondeat superior, the 'master' is liable for the negligence of his 'servant' when the latter is engaged in performing the work of the former." *Baird v. Sickler*, 433 N.E.2d 593, 594 (Ohio 1982) (citing *Mider v. United States*, 322 F.2d 193 (6th Cir. 1963)).

Wurster has presented evidence, in the form of their own admissions, that Carlson ran the stop sign and that he was working for Alpha at the time. In the absence of any other evidence, a reasonable trier of fact could only find that Carlson was negligent per se, and that Alpha is vicariously liable for his actions. Defendants have not shown, as they must under Rule 56, that there is evidence to the contrary. The Court therefore grants summary judgment in favor of Wurster on her comparative-negligence and vicarious-liability claims.

*C. Comparative Negligence*

Wurster was negligent if she failed to use the degree of care for her own safety that a reasonably careful person would use under similar circumstances. *See Hocking Valley Ry. Co. v. Wykle*, 171 N.E. 860, 861 (Ohio 1930); *McGeary v. Reed*, 151 N.E.2d 789, 794 (Ohio Ct. App. 1957). She posits that there is no evidence of her negligence in the record, and points out

5

Carlson's belief that no one but him caused the accident. Defendants have failed to identify any evidence in the record showing Wurster was negligent. Wurster is therefore entitled to summary judgment on the issue of comparative negligence.

## CONCLUSION

Based on the foregoing, Plaintiff Kim Wurster's motion for summary judgment (Doc. No. 15) is granted.

IT IS SO ORDERED.

      S/ *David A. Katz*
      DAVID A. KATZ
      SENIOR U. S. DISTRICT JUDGE